# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-00393-FDW

| | |
|---|---|
| DEBORAH M. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Deborah M. Brown's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 11), and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment. (Doc. No. 13). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary judgment is DENIED, and the Administrative Law Judge's ("ALJ's") decision is VACATED and REMANDED for further administrative proceedings consistent with this Order.

## PROCEDURAL HISTORY

On August 17, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. (Tr. 177-83). Plaintiff additionally filed an application under Title IV of the Social Security Act for supplemental security income on August 17, 2010. (Tr. 184-87). Both applications alleged that Plaintiff's

1

disability began on September 9, 2009. The Commissioner initially denied the applications on November 30, 2010, (Tr. 117-21), and again on April 27, 2011 after reconsideration. (Tr. 123-31). On May 31, 2011, Plaintiff filed a written request for an administrative hearing. (Tr. 132-33).

Plaintiff appeared and testified at the hearing before the Administrative Law Judge Thaddeus J. Hess on April 12, 2012. (Tr. 31-54). The ALJ issued a decision denying Plaintiff's claim on June 29, 2012. (Tr. 11-30). The Appeals Council denied Plaintiff's request for a review on May 5, 2013. As such, the ALJ's decision of June 29, 2012 became the final decision of the Commissioner. Plaintiff filed a request on August 13, 2012, for a review of the ALJ's decision, (Tr. 8-10), which was subsequently denied by the Appeals Council on May 5, 2013. Plaintiff timely filed this action on July 1, 2013, and the Parties' Motions are now ripe pursuant to 42. U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

## DISCUSSION[1]

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

The question before the ALJ was whether Plaintiff was "disabled," as defined for Social Security purposes, on September 9, 2010.[2] On June 29, 2012, the ALJ found that Plaintiff was not "disabled" at any time between September 9, 2010 and the date of his decision. (Tr. 11-30). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. C.F.R. § 404.1520(a). The five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

(20 C.F.R. §§ 404.1520(a)(4)(i-v)). In this case, the ALJ determined that Plaintiff was not disabled under the fifth step in the above evaluation process. (Tr. 18). Particularly, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 23).

On appeal, Plaintiff makes the following assignments of error: (1) that the ALJ failed to consider that Plaintiff presented a borderline age situation and therefore erred in his application of the Medical-Vocational Guidelines ("Grids") by mechanically applying the age categories; (2)

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

4

that the ALJ failed to resolve conflicts between the testimony from the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"); and (3) that the ALJ failed to discuss Listings 1.02A and 3.02A even though the evidence suggests Plaintiff meets the Listings. (Doc. No. 12).

The Court first addresses Plaintiff's contention that the ALJ misapplied the Grids in a borderline age situation by failing to consider applying an older age category. In step five of the sequential analysis, the burden shifts to the ALJ to produce evidence that jobs exist in the national economy that the claimant can perform considering her age, education, and work experience. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (citing 20 C.F.R. § 404.1520(a)(4)(v)). The ALJ can satisfy this burden is by application of the Grids. 20 C.F.R. Pt. 404, Subpt. P, App. 2.

The Grids break age into four categories: (1) close to retirement age (60-64); (2) advanced age (55-59); (3) approaching advanced age (50-54); and (4) younger individual (18-49). 20 C.F.R. § 404.1563. An ALJ must consider a claimant's age category from the alleged disability onset date until the date the ALJ announces his decision. Mitchell v. Astrue No. 3:10-CV-544, 2011 WL5037134, at *3 (W.D.N.C. October 24, 2011) (citing 20 C.F.R. § 416.963(b)). The Regulations require that if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the ALJ] will consider whether to use the older category after evaluating the overall impact of all the factors in [the claimant's] case." 20 C.F.R. § 416.963(b). Where a borderline age situation exists, the ALJ must decide whether it is more appropriate to use the higher category or the claimant's chronological age. Brown v. Astrue, No. 3:07-2914-SB WL 890116, at *12 (D.S.C. Mar. 30, 2009) (citing HALLEX II-5-3-2).

At the time of the ALJ's decision, Plaintiff was five months and nine days from her fiftieth birthday, (Doc. No. 12), and accordingly, being classified as a "person closely approaching advanced age" rather than being classified as a "younger person." A "person closely approaching advanced age" with Plaintiff's capacity for unskilled sedentary work, (Tr. 22), would be disabled, but a "younger person" would not. 20 C.F.R. Pt. 404, Subpt. P, App. 2 Table No. 1. However, in his calculation of Plaintiff's age category, the ALJ found Plaintiff to be "46 years old, which is defined as a younger individual age 45-49, on the alleged onset date." (Tr. 22). Plaintiff asserts that the ALJ erred because she presented a borderline age situation and the ALJ failed to consider using the older age category because he calculated her age as of the alleged disability onset date instead of the date of his decision in violation of the Regulations. (Doc. No. 12).

The facts and issue in this case closely parallel those presented in Mitchell v. Astrue, No. 3:10-CV-544, 2011 WL5037134 (W.D.N.C. October 24, 2011). In Mitchell, the ALJ issued his decision twenty-five days before the claimant's fifty-fifth birthday. In his decision, the ALJ only cited the claimant's alleged onset date, shortly after her fiftieth birthday, in his age category determination. Id. at *2. The claimant asserted that he ALJ erred by failing to consider whether to use the older age category because she was in a borderline age situation. Id. Because the ALJ relied only on the claimant's age at the alleged disability onset date instead of the date of his decision, the Court determined remand was necessary. Id. at *4.

Similar to Mitchell, at the date of the ALJ's decision, Plaintiff was close to a pivotal birthday which would have changed her age category to one in which she would have been disabled. Even though Plaintiff was five months and nine days from her birthday at the date of the ALJ's decision as opposed to twenty-five days, other Courts in the Fourth Circuit have found

6

that "[c]laimants are in borderline situations when they are about six months from an older age category." Amick v. Colvin No. 5:12-0922, 2013 WL 4046349, at *4 (S.D. W.Va. August 8, 2013). See also France v. Apfel, F.Supp.2d 484 (D.Md. 2000) (granting plaintiff's motion for summary judgment where the ALJ failed to sufficiently address the borderline age situation and strictly applied an age category to plaintiff, who was five months shy of a higher age category). Additionally, the ALJ here only cited Plaintiff's age at the alleged onset date in determining her age category. Because of these key similarities, this Court will follow the decision in Mitchell and find that the "ALJ failed to consider applying the older age category as required by 20 C.F.R. § 416.963(b)." Mitchell, 2013 WL 4046349, at *3. Accordingly, this error requires the Court to REMAND this case to the ALJ for further proceedings as instructed herein.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is hereby GRANTED, and Defendant's Motion for Summary Judgment is hereby DENIED. The Commissioner's decision is VACATED, and this matter is REMANDED to the ALJ for further proceedings. The Clerk's Office is directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: April 25, 2014

Frank D. Whitney
Chief United States District Judge

7